UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>LORI'S GIFTS, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:23-cv-3175<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended (ADA), and Title I of the Civil Rights Act of 1991, to correct violations of the ADA and to provide appropriate relief to charging party Teresa Shepherd and other aggrieved persons whose rights are secured by the ADA. As alleged with greater particularity below, Defendant violated the ADA when it discriminated against Shepherd and other aggrieved persons and when it engaged in unlawful interference and retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the

1

jurisdiction of the United States District Court for the Southern District of Ohio and in the county of Delaware which falls within the counties served by the District Court in Columbus, Ohio.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Lori's Gifts, Inc., has consistently been doing business at locations across the country, including in the county of Delaware, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Teresa Shepherd filed a charge with the Commission alleging that Defendant violated the ADA.

8. On June 29, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 1, 2023, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Defendant operates gift shops at hospitals across the United States, including but not limited to at Grady Memorial Hospital in Delaware, Ohio.

12. Since at least 2018, Defendant has engaged in unlawful employment practices in Delaware, Ohio and throughout the United States, in violation of Titles I and V of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5), 12112(b)(6), 12112(d)(2)(A), and 12203.

13. On a company-wide basis, Defendant uses an electronic application and hiring platform (hereinafter "Defendant's platform") to collect and provide information concerning employment opportunities including sales associate, assistant manager, and/or store manager positions (hereinafter "store employee positions").

14. Persons seeking store employee positions with Defendant are directed to Defendant's platform to apply for such employment opportunities. Before making a conditional or other employment offer to such persons, Defendant makes pre-employment inquiries about whether such persons are individuals with a disability or as to the nature or severity of such disability, including via Defendant's platform, by asking whether they can walk/stand for up to five hours and whether they can lift up to 30 pounds.

15. Defendant has required persons seeking store employee positions to answer the walk/stand and lifting questions described in Paragraph 14 in order to apply and/or be considered for such positions.

16. At all relevant times, if a person answered "No" to whether they can walk/stand for up to five hours or whether they can lift up to 30 pounds, Defendant deemed the person "not qualified."

17. At all relevant times, if a person answered "No" to whether they can walk/stand for up to five hours or whether they can lift up to 30 pounds, Defendant rejected the person, and the person was not hired.

18. From at least 2018 through at least May, 2023, if a person answered "No" to the walk/stand question or the lifting question, Defendant automatically rejected the person via its platform and removed the person from further consideration for employment.

19. For an applicant for a store employee position to be selected or considered for employment with Defendant, Defendant requires that the applicant be able to walk/stand for up to five hours and to be able to lift up to 30 pounds.

20. As described above in Paragraphs 12, 13, and 15 through 19, Defendant uses qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

21. The only other purported requirements for store employee positions that Defendant screens for in Defendant's platform relate to length of prior work experience.

22. The walk/stand and lifting qualification standards or selection criteria described above, as used by Defendant, are neither job-related for the store employee positions nor consistent with business necessity.

23. The sales associate job description identifies the position as helping to "provide top-notch customer service."

24. The responsibilities of the sales associate that are specifically identified in

Defendant's sales associate job description are to "create a positive shopping experience to our diverse customer base;" "increase sales and maintain merchandising standards;" "Greet customers and actively listen to their needs;" "Ensure inventory levels are stocked on the sales floor and communicate needs to manager for ordering;" "Market merchandize by following advertising, sales promotion, and display plans;" "Build daily operational procedures with efficiency and due diligence;" "Communicate and implement Lori's Gifts procedures;" and "Handle cash and credit card transactions using a point-of-sale (POS) system."

25. Like sales associates, the store manager and assistant store manager positions provide customer service and stock inventory.

26. Other than having additional, supervisory responsibilities, the responsibilities of store managers and assistant managers are not materially different from the sales associate responsibilities.

27. Store employees work 4-to-5-hour shifts.

28. The duties of the store employee positions can be performed in intervals of standing and sitting.

29. Many of the responsibilities of the store employee positions can be performed while seated, including but not limited to handling point-of-sale transactions and stocking some inventory.

30. While a store employee sometimes may have to handle 30-pound boxes of merchandise, the store employee can open the boxes and move the lighter products contained within piece-by-piece.

31. Teresa Shepherd and other aggrieved persons were adversely affected by Defendant's practices and conduct as described above.

32. Teresa Shepherd is a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8).

33. Shepherd suffers from impairments including asthma, diabetes, arthritis, degenerative disc disease, and impairments in her feet, Achilles tendons, and hips.

34. Due to Shepherd's impairments, she is substantially limited, including substantial limitations in major bodily functions such as respiratory function, endocrine function, musculoskeletal function, and circulation.

35. Shepherd underwent surgery on her right foot in 2018 and underwent surgery on her left foot in September 2021.  At least since Shepherd's 2018 surgery, Shepherd has suffered from impaired balance and fatigue with walking and standing.  Since Shepherd's surgeries, her abilities to walk and stand are limited by the need to take periodic breaks from walking and standing to rest.

36. In or around November 2021, Shepherd applied for employment with Defendant as a sales associate.

37. At the time of her application, Shepherd had the required prior work experience for the sales associate position.

38. At the time of application, Shepherd was required to answer the above-described screening questions regarding whether she could walk/stand for up to five hours and whether she could lift up to 30 pounds.

39. Shepherd answered "No" to the screening question regarding whether she could walk/stand for up to five hours.  Defendant rejected Shepherd in Defendant's platform because she answered "No" to the walk/stand screening question.

40. On or about December 2, 2021, Shepherd used Defendant's online contact page to

follow up on her application and inquire about job openings with Defendant at Defendant's Delaware, Ohio location.

41. In Shepherd's December 2, 2021 correspondence via Defendant's online contact page, Shepherd did not provide any information relating to her impairments or her ability to walk/stand or lift.

42. In response to Shepherd's December 2, 2021 correspondence via the online contact page, Defendant's hiring manager called Shepherd and invited her to an in-person interview for a sales associate position at Defendant's Delaware, Ohio location.

43. At the time Defendant invited Shepherd for the in-person interview, Defendant had been unable to locate Shepherd's application, and Defendant invited Shepherd to the interview without first reviewing any application submitted by Shepherd.

44. After receiving the hiring manager's call, Shepherd submitted another sales associate application and again answered "No" to the walk/stand screening question. Defendant rejected Shepherd in Defendant's platform because she answered "No" to the walk/stand screening question.

45. Defendant's hiring manager conducted an interview with Shepherd in December 2021.

46. During the interview, Charging Party told the hiring manager she has physical impairments that limit her ability to walk/stand for up to five hours.

47. During the interview, the hiring manager told Charging Party there was a stool in the store she could sit on periodically and that she, the hiring manager, also sits on the stool during her own shift.

48. During the interview, there was a stool located behind the cash register.

49. Following the interview, however, in early January, 2021, Defendant called Shepherd and informed her that standing for five hours was required for the position and that, because Shepherd was unable to do that, Defendant would not hire her.

50. Shepherd called Defendant back a few days later to ask Defendant to reconsider, but Defendant informed Shepherd the position had been offered to another candidate due to Shepherd's inability to stand for five hours.

51. Like Shepherd, other applicants for store employee positions who had the prior work experience required for the positions they applied for were rejected for employment because they answered "No" to the above-described walk/stand screening question or the lifting screening question.

52. Such persons had impairments that substantially limited major life activities or major bodily functions or were regarded as disabled by Defendant when Defendant rejected them for employment because of actual or perceived impairments.

53. The above facts, among others, demonstrate that Defendant subjected Shepherd and a class of aggrieved persons to unlawful pre-employment inquiries as to whether such persons were individuals with disabilities or as to the nature or severity of such disabilities, in violation of 42 U.S.C. §§ 12112(a) and 12112(d)(2)(A).

54. Defendant makes pre-employment inquiries as to whether persons seeking employment in store employee positions are individuals with a disability or as to the nature of severity of such disability.

55. The walk/stand question described above is a disability-related inquiry that asks about a person's ability to perform major life activities.

56. The lifting question described above is a disability-related inquiry that asks about

a person's ability to perform major life activities.

57. Answering "No" to one or both of the walk/stand and lifting questions is likely to reveal that a person has an impairment that substantially limits that person in major life activities including walking, standing, and/or lifting.

58. The above facts, among others, demonstrate that Defendant subjected Shepherd and a class of aggrieved persons who are qualified individuals with disabilities to qualification standards or other selection criteria that screen out or tend to screen an individual with a disability or a class of individuals with disabilities in violation of 42 U.S.C. § 12112(a) and 12112(b)(6).

59. Defendant's walk/stand and lifting requirements are qualification standards or selection criteria.

60. Persons who indicate that they cannot walk/stand for up to five hours or cannot lift up to 30 pounds are rejected for employment with Defendant.

61. The walk/stand and lifting requirements screen out or tend to screen out a person or persons with impairments that substantially limit their major life activities including walking, standing, and/or lifting, and/or a person or persons who are regarded as disabled.

62. Shepherd and a class of qualified individuals with disabilities have been screened out because Defendant concluded they could not meet the purported walk/stand and/or lifting qualification standard.

63. Shepherd is an individual with a disability within the meaning of the ADA.

64. Shepherd has physical impairments that substantially limit her in major bodily functions and major life activities.

65. In the alternative, Defendant regarded Shepherd as having a disability by subjecting her to an adverse employment action when it failed to hire her for a sales associate position because

9

of an actual or perceived impairment.

66. Although Charging Party and the aggrieved persons in the class for whom EEOC seeks relief were unable to meet Defendant's unlawful walking/standing and/or lifting qualification standards, Charging Party and the aggrieved persons in the class were qualified to perform the essential functions of the store employee positions they applied for.

67. Defendant's walking/standing and lifting qualification standards or selection criteria are not job-related or consistent with business necessity.

68. The above facts, among others, further demonstrate that Defendant failed or refused to hire Shepherd and a class of qualified individuals because of actual disability, because Defendant regarded them as having an actual or perceived physical or mental impairment, or because of the perceived need to make reasonable accommodations to physical or mental impairments, in violation of 42 U.S.C. §§ 12112(a) and 12112(b)(5)(B).

69. The above facts, among others, further demonstrate that Defendant retaliated against Shepherd because she engaged in protected activity, in violation of 42 U.S.C. § 12203(a).

70. Shepherd engaged in protected activity, including seeking reasonable accommodations and/or opposing Defendant's discriminatory qualification standard/selection criterion including during her interview and other contact with Defendant.

71. Defendant unlawfully retaliated against Shepherd because she engaged in protected activity by taking action against her that a reasonable person would find materially adverse or that would dissuade a reasonable person from engaging in protected activity, including refusing to hire her for the sales associate position in or about January 2021.

72. The above facts, among others, further demonstrate that Defendant interfered with a class of aggrieved persons, including Shepherd, in their exercise or enjoyment of, or on account

of their exercise or enjoyment of, rights granted or protected by the ADA, in violation of 42 U.S.C. § 12203(b), including but not limited to by requiring applicants to answer unlawful disability-related inquiries in order to be considered for employment, preventing applicants from seeking reasonable accommodations by rejecting them for employment if they answered "No" to the walk/stand screening question and/or lifting screening question, and/or foreclosing any good faith post-offer individualized inquiry into persons' actual medical conditions or actual ability to do the store employee jobs before rejecting them as not qualified.

73. The effect of the practices detailed above has been to deprive Shepherd and other ADA-covered persons of equal employment opportunities and otherwise affect their status as applicants and employees because of disability and protected activity.

74. The unlawful employment practices complained of above were and are intentional.

75. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Shepherd and the other aggrieved ADA-covered persons for whom EEOC seeks relief.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from: subjecting applicants for employment to pre-employment disability-related inquiries; using qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities; and discriminating, retaliating, and engaging in unlawful interference as described above.

B. Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of Defendant's past and present unlawful employment practices.

      C.      Order Defendant to make whole Shepherd and the other aggrieved ADA-covered persons for whom EEOC seeks relief, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

      D.      Order Defendant to make whole Shepherd and the other aggrieved ADA-covered persons for whom EEOC seeks relief by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      E.      Order Defendant to make whole Shepherd and the other aggrieved ADA-covered persons for whom EEOC seeks relief by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

      F.      Order Defendant to pay Shepherd and the other aggrieved ADA-covered persons for whom EEOC seeks relief punitive damages for Defendant's malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action

<u>JURY TRIAL DEMANDED</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington, D.C.

CHRISTOPHER LAGE
Deputy General Counsel

DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office

KATE NORTHRUP
Assistant Regional Attorney

s/ Jessi Isenhart
JESSI ISENHART
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
1240 E. 9th Street, Suite 3001
Cleveland, OH 44199
jessi.isenhart@eeoc.gov
Phone: 216-306-1121
PA Bar No. 206504