UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

  v.

LORI'S GIFTS, INC.,

      Defendant.

Case No. 2:23-cv-3175
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff United States Equal Employment Opportunity Commission ("EEOC")'s Motion to Strike Insufficient Material from Defendant's Answer and to Deem Certain Allegations Admitted. (Mot., ECF No. 6.) For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the EEOC's Motion.

## BACKGROUND

The EEOC filed its Complaint against Defendant Lori's Gifts, Inc., in September 2023 for violations of Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991. (Compl., ECF No. 1.) In sum, the EEOC alleges that Lori's Gifts discriminated against Teresa Shepherd and other aggrieved persons for unlawful pre-employment inquiries relating to job applicants' ability to walk, stand, and lift objects. (*See id.* ¶¶ 53, 68, 72.) In response, Lori's Gifts timely answered the EEOC's allegations and asserted thirty-seven affirmative defenses and additional defenses. (Answer, ECF No. 4.)

The EEOC moves to strike Lori's Gifts' second, third, fourth, sixth, eighth, twenty-third, twenty-sixth, twenty-seventh, and twenty-eighth defenses. (Mot., PageID 31.) Those defenses

state:

> 2. The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.
>
> 3. Plaintiff, Ms. Shepherd, and potential Claimants failed to exhaust their administrative, statutory, arbitration, and/or contractual remedies.
>
> 4. Plaintiff, Charging Party, and potential Claimants' claims are barred by the applicable statutes of limitations.
>
> 6. Plaintiff's claims are barred, in whole or in part, because the EEOC has failed to satisfy conditions precedent to suit with respect to the claims asserted in this lawsuit.
>
> 8. Plaintiff's claims are barred, in whole or in part, to the extent that the EEOC provided no notice of an administrative charge, investigation, or determination regarding the subject matter of the claims to Defendant and failed to conciliate such claims.
>
> 23. Defendant did not subject Ms. Shepherd, potential Claimants, or any other employees to disability discrimination.
>
> 26. At all times pertinent herein, Ms. Shepherd or Claimants did not have a disability within the meaning of 42 U.S.C. § 12102 (2), nor were Ms. Shepherd or Claimants perceived by Defendant as having a disability, and therefore he has no right to any relief under the A.D.A.
>
> 27. Ms. Shepherd or Claimants were not qualified individuals with a disability within the meaning of 42 U.S.C. § 12111(8), and therefore have no right to any relief under the A.D.A.
>
> 28. Ms. Shepherd or Claimants were unable to perform the essential functions of the job, with or without reasonable accommodations.

(Answer, ¶¶ 2, 3, 4, 6, 8, 23, 26–28 on PageID 23–24, 26–27.)

Additionally, the EEOC moves to strike Lori's Gifts' response to paragraph ten of the EEOC's Complaint under Rule 9(c) of the Federal Rules of Civil Procedure and to deem paragraph ten of the Complaint admitted pursuant to Rule 8(b)(6). (Mot., PageID 31.) Paragraph ten of the Complaint states, "All conditions precedent to the institution of the lawsuit have been fulfilled." (Compl., ¶ 10.) In response to paragraph ten of the Complaint, Lori's Gifts answered, "these

2

allegations constitute legal conclusions to which no response is required." (Answer, ¶ 5 on PageID 20.) At the same time, Lori's Gifts admitted to the allegations contained in paragraphs seven, eight, and nine of the Complaint, which relate to the EEOC's conditions precedent. (Answer, ¶ 4 on PageID 20.) Those admitted paragraphs state:

> 7. More than thirty days prior to the institution of this lawsuit, Teresa Shepherd filed a charge with the Commission alleging that Defendant violated the ADA.
>
> 8. On June 29, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.
>
> 9. On August 1, 2023, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

(Compl., ¶¶ 7–9.) The EEOC argues these admissions are sufficient to satisfy all conditions precedent to this lawsuit, as asserted in paragraph ten of the Complaint. (Mot., PageID 38.)

Lori's Gifts filed a response in opposition to the EEOC's Motion. (Resp., ECF No. 8.) The EEOC filed a Reply. (Reply, ECF No. 10.)

## LEGAL STANDARD

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *AT&T Glob. Info. Sols. Co. v. Union Tank Car Co.*, No. C2–94–876, 1997 WL 382101, at *1 (S.D. Ohio Mar. 31, 1997) (Holschuh, J.) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). The action of striking a pleading should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown*

3

*& Williamson Tobacco Corp.*, 201 F.2d at 822. A defense is insufficient if it cannot succeed under any circumstances. *Id.*

## ANALYSIS

### I. Response and Defenses Regarding Conditions Precedent

The EEOC asserts that it has satisfied all conditions precedent and argues that Lori's Gifts' denial of that assertion should be stricken because the Answer fails to deny the assertion with particularity, as required by Rule 9(c) of the Federal Rules of Civil Procedure. (Mot., PageID 35.) Rule 9(c) provides that satisfaction of all conditions precedent may be pleaded generally, but a party denying satisfaction of a condition precedent "must do so with particularly." Fed. R. Civ. P. 9(c). The EEOC is correct that Lori's Gifts denied the EEOC's satisfaction of conditions precedent without particularly, failing to follow Rule 9(c), in its response to paragraph 10 of the Complaint and in its sixth and eighth defenses. (*See* Answer, ¶ 5 on PageID 20, ¶¶ 6, 8 on PageID 23–24.) In response, Lori's Gifts moves the Court to grant it leave to amend under Rule 15(a)(2). (Resp., PageID 49–52.) The EEOC opposes the motion for leave to amend, arguing it is futile and not in the interests of justice because Lori's Gifts cannot plead facts to show that the EEOC failed to satisfy all conditions precedent. (Reply, PageID 65.)

Federal Rule of Civil Procedure 15 governs amended pleadings. Lori's Gifts moves for leave to amend under Rule 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule provides, "[t]he court should freely give leave when justice so requires." *Id.* "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power*

4

*Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

The conditions precedent relevant to this lawsuit include the EEOC's obligation "to remedy unlawful workplace practices through informal methods of conciliation" before suing an employer for discrimination. *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 482–83 (2015). To meet the conciliation requirements under *Mach Mining*, the EEOC must at least "inform the employer about the specific allegation" and "try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 494. It is within the Court's proper scope of judicial review to examine the EEOC's compliance with these notice and conciliation requirements, but the Court does not examine "what happened . . . during those discussions." *Id.*

Although Lori's Gifts has admitted that the EEOC informed it about alleged ADA violations, invited it to participate in conciliation, and that conciliation failed, it did not admit that the EEOC fulfilled its obligation to inform Lori's Gifts "about the *specific allegation*." *Mach Mining*, 575 U.S. at 494. In fact, in its eighth defense, Lori's Gifts contests the "notice of an administrative charge, investigation, or determination regarding the subject matter of the claims." (Answer, ¶ 8 on PageID 24.) But, given that Lori's Gifts admits that the EEOC issued notice to it about alleged ADA violations, Lori's Gifts likely had the information it needed to assert in its Answer that the notice failed to sufficiently state the specific allegations. That admission suggests that granting leave to amend may be futile.

Even so, this is Lori's Gifts first attempt to amend its Answer, and the EEOC has not persuaded the Court that it would face undue prejudice by granting Lori's Gifts leave to amend the

5

specific parts of its Answer relating to conditions precedent. If Lori's Gifts argues that the EEOC failed to notify it of the specific allegations, "[a] sworn affidavit from the EEOC stating that it has performed the obligations noted above but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Mach Mining*, 575 U.S. at 494. Based on these factors, in combination with the Court's preference for adjudicating cases on the merits and the instruction that leave should be granted freely in the interests of justice, the Court allows Lori's Gifts to amend its Answer to state with particularly its objections regarding conditions precedent as required under Rule 9(c).

The Court **GRANTS** Lori's Gifts' motion for leave under Rule 15(a)(2) to amend its Answer regarding its response to paragraph ten of the EEOC's Complaint and Lori's Gifts sixth and eighth defenses. The Court **DENIES AS MOOT** the EEOC's Motion to Strike those parts of the Answer and **DENIES** its Motion to Deem Certain Allegations Admitted as to paragraph ten of the Complaint.

## II.   Lori's Gifts' Additional Defenses

The EEOC argues that the Court should strike Lori's Gifts' second, twenty-third, twenty-sixth, twenty-seventh, and twenty-eighth defenses because they are not affirmative defenses. (Mot., PageID 42.) Federal Rule of Civil Procedure 8(c) provides, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case." *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986). Other defenses that "negate an element of the plaintiff's *prima facie* case . . . are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c)." *Id.* (citation omitted). Defenses that are "analogous to" or "derivative of" one of the affirmative defenses listed in Rule 8(c)(1) are generally deemed to be affirmative

6

defenses. *Id.*

Lori's Gifts' second defense merely asserts that the Complaint fails to state a claim upon which relief can be granted. "[C]ourts in this Circuit have accepted 'failure to state a claim' as an affirmative defense." *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014) (citing *Sony/ATV Music Pub., LLC v. D.J. Miller Music Distribs., Inc.*, No. 3:09–CV–01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011)). Because this defense provides fair notice and because motions to strike are disfavored, the Court declines to strike the second affirmative defense.

Lori's Gifts' twenty-third, twenty-sixth, twenty-seventh, and twenty-eighth defenses negate elements of discrimination that the plaintiff must prove as part of its *prima facie* case. Because such defenses are excluded from the definition of "affirmative defense" in Rule 8(c), the Court finds it appropriate to strike those defenses from the Answer. *See Edison Brewing Co. LLC v. Gourmet Fresh LLC*, No. 2:21-CV-876, 2022 WL 899695, at *4 (S.D. Ohio Mar. 28, 2022) (striking certain defenses that negated elements of the plaintiff's *prima facie* case). Although the stricken defenses are not appropriate as part of the Answer, Lori's Gifts is not prohibited from raising those defenses as part of a future dispositive motion.

Lori's Gifts' third and fourth defenses, respectively, relate to the exhaustion of remedies and statutes of limitations. The EEOC argues that it is not required to exhaust administrative remedies and that the defense cannot succeed as a matter of law. (Mot., PageID 40.) It also argues that its enforcement actions are not subject to statutes of limitations. (*Id.*, PageID 41–42.) Although the EEOC might prove these arguments in this litigation, the Court finds it unnecessary to strike Lori's Gifts' affirmative defenses on these grounds at this early stage in the proceedings. The EEOC does not face undue prejudice by Lori's Gifts asserting these basic affirmative defenses in

its initial pleading.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the EEOC's Motion to Strike Insufficient Material from Defendant's Answer and to Deem Certain Allegations Admitted. (ECF No. 6.) The Court **STRIKES** from the Answer the twenty-third, twenty-sixth, twenty-seventh, and twenty-eighth defenses asserted by Lori's Gifts. (ECF No. 4, ¶¶ 23, 26–28 on PageID 26–27.) The Court **GRANTS** Lori's Gifts' motion for leave to amend its response to paragraph ten of the Complaint and its sixth and eighth affirmative defenses. (*Id.* ¶ 5 on PageID 20, ¶¶ 6, 8 on PageID 23–24.) The Court **DENIES AS MOOT** the EEOC's Motion to Strike those parts of the Answer, **DENIES** the EEOC's Motion to Strike Lori's Gifts' second, third, and fourth affirmative defenses, and **DENIES** the EEOC's Motion to Deem Certain Allegations Admitted as to paragraph ten of the Complaint.

This case remains open.

**IT IS SO ORDERED.**

**2/24/2025**                                              **s/Edmund A. Sargus, Jr.**
**DATE**                                                  **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**