## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

           Plaintiff,                    **Case No. 2:23-cv-3175**

                                      **Judge Edmund A. Sargus, Jr.**

        v.                       **Magistrate Judge Chelsey M. Vascura**

LORI'S GIFTS, INC.,

           Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff United States Equal Employment Opportunity Commission ("EEOC")'s Objection to Magistrate Judge Order on Motion to Compel. (ECF No. 22.) For the reasons stated in this Opinion and Order, the EEOC's Objection is **OVERRULED** (ECF No. 22), and the Magistrate Judge's Order Denying Oral Motion to Compel is **AFFIRMED** (ECF No. 19).

## BACKGROUND

### I.    Facts and Claims

Defendant Lori's Gifts, Inc. operates gift shops at hospitals across the United States. (Compl., ECF No. 1, ¶ 11.) The EEOC alleges that Lori's Gifts discriminated against Teresa Shepherd and other applicants for store clerk positions by screening them out of the review and hiring process. (*Id.* ¶¶ 53, 68, 72.) The application asked whether applicants could walk or stand for up to five hours and to lift objects up to 30 pounds. (*Id.* ¶ 14.) Lori's Gifts deemed applicants who responded "no" to either question as "not qualified" for the position and screened them out of the hiring process based on those responses. (*Id.* ¶¶ 15–17.)

Ms. Shepherd filed a charge of discrimination with the EEOC against Lori's Gifts in early 2022. (*See id.* ¶ 7; ECF No. 27, PageID 218–19.) On June 29, 2023, the EEOC issued Ms. Shepherd a "Letter of Determination finding reasonable cause to believe that the ADA ["Americans with Disabilities Act"] was violated." (Compl., ¶ 8.) On August 1, 2023, the EEOC issued Lori's Gifts a "Notice of Conciliation Failure" advising that the EEOC and Lori's Gifts were unable to reach a conciliation agreement. (*Id.* ¶ 9.)

The EEOC filed this lawsuit on September 28, 2023, on behalf of Ms. Shepherd and "a class of qualified individuals with disabilities" who "have been screened out" of job positions with Lori's Gifts. (*Id.* ¶ 62.) It brings this action under Section 107(a) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (ECF No. 1, ¶ 1.) The EEOC also alleges violations of the ADA, including 42 U.S.C. §§ 12112(a), 12112(b)(5)(B), 12112(b)(6), 12203(a), and 12203(b). (ECF No. 1, ¶¶ 58, 68–69, 72.)

## II.    Discovery Dispute

The EEOC sought discovery from Lori's Gifts, including a set of eight written interrogatories and several requests for production. (ECF No. 22-2.) Lori's Gifts objected to the EEOC's requests for information about applicants who answered "yes" to the application questions about walking or standing for five hours and lifting up to 30 pounds, arguing those applicants are outside the scope of the Complaint. (ECF No. 22-3.) Lori's Gifts also objected to the EEOC's requests for information about applicants who applied more than 300 days before Ms. Shepherd filed her charge of discrimination. (*Id.*)

At a status conference on October 4, 2024, the EEOC orally moved to compel Lori's Gifts to produce both sets of information. (*See* ECF No. 19.) The Magistrate Judge orally denied the

2

motion to compel, as memorialized in an Order issued the same day. (*Id.*) The Magistrate Judge held that information about applicants who responded "yes" to both screening questions fell outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1) because "[the EEOC]'s Complaint does not allege that any applicants who answered 'yes' to these questions were screened out from Defendant's hiring process or otherwise harmed." (*Id.* PageID 91.) Additionally, she held that Lori's Gifts need not produce information about applicants who applied more than 300 days before Ms. Shepherd's charge of discrimination because "the EEOC is subject to the 300-day limitation period and . . . Plaintiff's claims for refusal to hire do not reflect a 'continuing violation' that might expand the relevant time period." (*Id.* PageID 92 (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).)

The EEOC objected to the Magistrate Judge's Order denying the motion to compel. (ECF No. 22.) Lori's Gifts responded in opposition to the objection. (ECF No. 27.)

## LEGAL STANDARD

The EEOC objects to the Magistrate Judge's discovery Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. For nondispositive matters, a district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.).

A finding is "clearly erroneous" only when the district court is left with the definite and firm conviction that a mistake has been made. *See In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (Holschuh, C.J.) (citations omitted). A court's review under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of

law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F. Supp. at 686 (quotation and citation omitted).

"It is well established that the scope of discovery is within the sound discretion of the trial court." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is construed very broadly for discovery purposes." *Doe v. Ohio State Univ.*, No. 2:16-cv-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (Vascura, M.J.) (citation omitted). Despite being construed broadly, the concept of relevance is not unlimited. *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009) (Abel, M.J.). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses." *Doe*, 2018 WL 1373868 at *2. Furthermore, "[i]nformation that is negligibly relevant [or] minimally important in resolving the issues" will not satisfy the standard. *Id.* (quotation and citation omitted).

Although a plaintiff should "not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing[,] and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (quotation and citation omitted); *see also Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599, at *1 (N.D. Ohio May 24, 2016) ("[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.").

4

## ANALYSIS

The EEOC objects to the Magistrate Judge's Order denying its motion to compel discovery regarding applicants who answered "yes" to both screening questions and applicants who applied more than 300 days before Ms. Shepherd filed her charge of discrimination with the EEOC. (ECF No. 22.) The Court addresses these objections in turn.

### I. Applicants Who Answered "Yes" to Both Screening Questions

The Magistrate Judge reasoned that information about applicants who answered "yes" to questions about their ability to stand or walk for five hours and to lift up to 30 pounds was outside the scope of the EEOC's Complaint. (ECF No. 19, PageID 91.) The Magistrate Judge's order denying the EEOC's motion to compel regarding those applicants is not contrary to law.

#### a. Scope of the EEOC's Claims

The EEOC argues the requested information is relevant and proportional because it raises claims on behalf of those who answered "yes" to both ability questions in addition to those who answered "no" to at least one question. (*See* ECF No. 22, PageID 112–23.) But the EEOC's Complaint does not allege that Lori's Gifts discriminated against any applicants who answered "yes" to both questions. And the EEOC does not assert that Lori's Gifts refused to hire those applicants.

Throughout the Complaint, the EEOC emphasizes that Lori's Gifts deemed each person (including Ms. Shepherd) who responded "no" to either question "not qualified" for the job, "rejected the person via its [digital application] platform," and "screen[ed] out" individuals with a disability based on those responses. (ECF No. 1, ¶¶ 16–20, 39, 44, 51, 57, 72.) At no point does the EEOC assert that it is bringing the lawsuit on behalf of those who answered "yes" to both questions but were nonetheless discriminated against by Lori's Gifts at another stage of the

process. (*See* ECF No. 1.) As observed by the Magistrate Judge, the Complaint does not assert facts about any harm suffered by those who answered "yes" to both questions, so it is unclear what relief the EEOC might seek on their behalf. (*See* ECF No. 19, PageID 91–92.) Additionally, it is unclear what helpful information about the applicants who answered "no" to either question would be revealed by the information about those who answered "yes" to both.

Across 28 pages of its brief, the EEOC raises nine arguments to support its Objection to the Magistrate Judge's Order denying its motion to compel. (ECF No. 22, PageID 112–140.) The breadth of the EEOC's arguments does not change the fact that the relevancy and proportionality of the desired discovery information depends largely on the claims asserted in its Complaint. If the EEOC needs to amend its Complaint to include claims on behalf of applicants who answered "yes" but were screened out for other discriminatory reasons or processes, it may seek leave of court to do so in the normal course of this litigation. But it has not, and it does not as part of this discovery dispute. The EEOC's objection does not substitute for such a motion, and it may not generate a claim with no basis in the Complaint by objecting to the Magistrate Judge's order denying the motion to compel.

### b. Relevance and Proportionality to Needs of the Case

The EEOC also argues that information regarding applicants who can stand or walk for 5 hours and can lift 30 pounds is relevant and proportional discovery data to compare to those who cannot. (ECF No. 22, PageID 114–17.) It contends that information about applicants "hired, selected, or otherwise advanced through the selection process" is relevant because that information could show what qualifications Lori's Gifts "actually considered to be sufficient for the jobs at issue" and could demonstrate pretext. (*Id.* PageID 116.)

But the scope of the EEOC's motion to compel is far broader than that description—it

effectively encompasses *all* applicants (those who answered "no" and those who answered "yes" to the questions at issue), not just those who were hired or "advanced through the selection process." Information about those selected for interviews or hired for the positions might be relevant and proportional to the needs of the case. Information about those hired and then terminated may also be relevant and proportional. But information about *all* applicants is, at best, "negligibly relevant [or] minimally important in resolving the issues" raised in the Complaint. *Doe*, 2018 WL 1373868, at *2.

Given the limited importance of the broad dataset requested, and the scope of the EEOC's Complaint, the Court finds that producing data about all applicants regardless of their answers to the questions at issue "would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). The Magistrate Judge's conclusion that the requested information is not proper discovery information is not contrary to law.

## II.  Applicants Who Applied More Than 300 Days Before the Charge of Discrimination

The Magistrate Judge also held that "Defendant need not respond to Plaintiff's discovery requests as to applicants who were screened out based on their ability to stand, walk, or lift more than 300 days prior to the charging party's filing of her discrimination charge." (ECF No. 19, PageID 92.) Her holding rested on two grounds: "that the EEOC is subject to [a] 300-day limitation period and that Plaintiff's claims for refusal to hire do not reflect a 'continuing violation' that might expand the relevant time period." (ECF No. 22, PageID 140–50; *see* ECF No. 19, PageID 92 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).) The EEOC objects to both grounds. (ECF No. 22, PageID 140–50.) The Court first addresses the nature of the EEOC's claims, which helps answer the applicability of the 300-day limitation and the continuing violation issue.

### a. Section 706 Compared to Section 707 Claims

Under Title VII of the Civil Rights Act of 1964, the EEOC may bring claims on behalf of groups of aggrieved individuals as discrimination claims under Section 706 of Title VII, codified at 42 U.S.C. § 2000e-5, or as "pattern and practice" discrimination claims under Section 707, codified at 42 U.S.C. § 2000e-6. The claims are distinct. As described by one district court,

> A § 706 claim involves the rights of aggrieved *individuals* challenging an unlawful employment practice on an individual *or* class-wide basis, whereas a § 707 claim involves a pattern-or-practice of *systemic* discrimination challenging widespread discrimination throughout a company on a *group* basis.

*E.E.O.C. v. Scolari Warehouse Markets, Inc.*, 488 F. Supp. 2d 1117, 1143 (D. Nev. 2007).

The distinction matters because some district courts have variously applied a time limit for aggrieved persons to file a charge of discrimination (as will be described below) to claims brought by the EEOC depending on whether the claims are raised under Section 706 or Section 707. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 877 (N.D. Iowa 2009) (collecting cases and noting "whereas some district courts appear to indicate the EEOC may be subject to a statute of limitations, . . . other district courts appear to grant the EEOC the power to resurrect stale claims."). Because the EEOC only references § 2000e-5 (*i.e.*, Section 706) in the Complaint and does not reference § 2000e-6 (Section 707) or allege a "pattern and practice" of discrimination, the Court assumes it brings its claims on behalf of a group of aggrieved persons under only § 2000e-5. (*See* ECF No. 1.)

Under Section 706, the EEOC "may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant to Federal Rule of Civil Procedure 23." *Gen. Tel. Co. of Nw., Inc. v. EEOC,* 446 U.S. 318, 333–34 (1980) (footnote omitted). "The EEOC is 'the master of its own case' and possesses statutory authority to proceed on behalf of allegedly aggrieved persons without their consent." *CRST Van Expedited*, 615 F. Supp 2d at 872

(quoting *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 291–92 (2002)). Even so, to initiate a lawsuit on behalf of a group under Section 706, an aggrieved individual must first file an underlying charge of discrimination with the EEOC. *See E.E.O.C. v. Kaplan Higher Educ. Corp.*, 790 F. Supp. 2d 619, 621–22 (N.D. Ohio 2011) (citing 42 U.S.C. § 2000e–5(f)(1)). That claimant can be described as the "lead plaintiff" (here, Ms. Shepherd) for the purpose of the EEOC's group claims under Section 706.

As described by the Fourth Circuit, "[t]he charge of discrimination merely provides the EEOC with 'a jurisdictional springboard to investigate'" alleged discriminatory practices and to file a lawsuit in federal court on behalf of the charging party and others similarly aggrieved. *E.E.O.C. v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1976) (cited with approval in *Gen. Tel. Co. of the Nw. v, E.E.O.C.*, 446 U.S. 318, 331 (1980) ("Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable.")). The follow-on investigation may reveal additional aggrieved persons that can be included in the lawsuit even though those individuals did not file a charge of discrimination. *Id.* at 365.

### b. Applicability of Section 706's 300-Day Filing Period

Section 706(e)(1) requires that a charge of an unlawful employment practice, such as the discrimination alleged here, "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see Morgan*, 536 U.S. at 109 (noting that a 300-day limitation applies in states, like Ohio, that have an entity with the authority to grant or seek relief for the alleged unlawful practice and that a 180-day limitation applies in all other states). "The requirement . . . that the charge be filed 'after' the practice 'occurred' tells [the Court] that a litigant has up to . . . 300 days after the unlawful practice happened to file a charge with the EEOC." *Morgan*, 536 U.S. at 110 (quoting 42

U.S.C. § 2000e–5(e)(1)).

The Sixth Circuit has not addressed whether Section 706's 300-day limitation for filing a charge of discrimination with the EEOC applies where the EEOC brings claims under Section 706 on behalf of a group of aggrieved persons. District courts in this Circuit have applied the limitation, holding that the EEOC may not bring claims on behalf of aggrieved persons who experienced a discrete act of unlawful discrimination more than 300 days before the lead plaintiff filed her charge with the EEOC, because those claims are time-barred under § 2000e-5(e)(1). *See Kaplan*, 790 F. Supp. 2d at 622–23; *E.E.O.C. v. Presrite Corp.*, No. 11-CV-260, 2012 WL 3780351, at \*3 (N.D. Ohio Aug. 30, 2012). In other words, for groups claims under Section 706, "Title VII generally does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination." *CRST Van Expedited*, 615 F. Supp. 2d at 878.

As one district court in Ohio held,

> the EEOC may only act where a charge of discrimination has been filed, and such charges must be filed within 300 days of the unlawful employment practice. Plainly, if a charge is not filed within that time limitation, the EEOC may not act upon it. No exception exists in the statute allowing the EEOC to recover damages for individuals whose claims are otherwise time-barred.

*Kaplan*, 790 F. Supp. 2d at 623; *see also E.E.O.C. v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 646 (S.D.N.Y. 2010) ("The EEOC may not, at least in a case alleging discrete unlawful acts, seek relief for individuals who were not subject to an unlawful employment practice some time during the 300 days preceding the filing of the triggering charge."); *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1203 (9th Cir. 2016) (holding that the limitations period for class actions brought by the EEOC is 300 days from the date the named plaintiff filed his or her charge of discrimination).

The Court agrees that Section 706's 300-day filing requirement limits the temporal scope

of actions brought on behalf of a group of aggrieved persons from the date the lead plaintiff filed

her charge of discrimination. Section 706(e)(1)'s time limitation requires that the charge of

discrimination "be filed by *or on behalf of the person aggrieved* within three hundred days" after

the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (emphasis added).

Accordingly, a group claim filed by the EEOC based on a lead plaintiff's charge of discrimination

may include any individuals who experienced an unlawful employment act within 300 days before

the lead plaintiff's charge of discrimination, but any unlawful acts occurring more than 300 days

before the lead plaintiff's charge are stale and cannot be resurrected by the EEOC's group lawsuit.

If the Court construed the statute to allow a lead plaintiff's charge of discrimination to

resurrect claims based on acts more than 300 days before that charge, the lead plaintiff's charge

would act as an infinite open valve to revive stale claims, with no applicable time limit. Such an

outcome would frustrate the purpose of the statute of limitations in § 2000e-5(e)(1). As the U.S.

Supreme Court stated,

> Congress did express concern for the need of time limitations in the fair operation
> of the [Civil Rights Act of 1964], but that concern was directed entirely to the initial
> filing of a charge with the EEOC and prompt notification thereafter to the alleged
> violator. . . .
>
> The fact that the only statute of limitations discussions in Congress were directed
> to the period preceding the filing of an initial charge is wholly consistent with the
> [Civil Rights Act of 1964]'s overall enforcement structure -- a sequential series of
> steps beginning with the filing of a charge with the EEOC. Within this procedural
> framework, the benchmark, for purposes of a statute of limitations, is not the last
> phase of the multistage scheme, but the commencement of the proceeding before
> the administrative body.

*Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. 355, 371 (1977)).

The EEOC relies on holdings by the Sixth Circuit and the U.S. Supreme Court that are not

controlling on this question. (*See* ECF No. 22, PageID 144–45 (citing *Logan v. MGM Grand

Detroit Casino*, 939 F.3d 824, 825 (6th Cir. 2019); and *Occidental*, 432 U.S. 355).) *Logan* and

*Occidental* involved a limitation period in § 2000e-5(f)(1), rather than the limitation period relevant here in § 2000e-5(e)(1). Although both subsections relate to Section 706 claims, their functions are different. Under § 2000e-5(f)(1), after a litigant files a charge of discrimination with the EEOC, he or she has a time limit to file a lawsuit if he or she is dissatisfied with the EEOC's progress on the litigant's charge. *See Occidental*, 432 U.S. at 361. Conversely, under § 2000e-5(e)(1), a person must file a charge of discrimination with the EEOC within a certain number of days after the act of discrimination.

The U.S. Supreme Court held that § 2000e-5(f)(1) does not place a statute of limitations on the EEOC for bringing a lawsuit based on a charge of discrimination, but it did not address the 300-day charge-filing period under § 2000e-5(e)(1) or its effect on the scope of group claims under that statute. *See Occidental*, 432 U.S. at 371–72; *see also Kaplan*, 790 F. Supp. 2d at 624 ("The issue in *Occidental*, however, was whether the EEOC was time-limited in its ability to bring suit in federal court pursuant to § 706(f)(1), not the *temporal scope* of that lawsuit." (citing *Occidental*, 432 U.S. at 360)). The Sixth Circuit's dicta in *Logan* referenced here by the EEOC merely references that holding from *Occidental*, which is inapplicable here. *See Logan*, 939 F.3d at 825.

In sum, *Logan* and *Occidental* do not address the relevant limitation statute here, 42 U.S.C. § 2000e-5(e)(1). The Court holds that the 300-day filing requirement under § 2000e-5(e)(1) (i.e., Section 706(e)(1)) limits the temporal scope of actions brought on behalf of a group of aggrieved persons from the date the lead plaintiff filed her charge of discrimination. Accordingly, those barred claims do not serve as a basis for overruling the Magistrate Judge's Order denying the EEOC's motion to compel discovery information as to applicants who applied outside of the window.

### c.  Continuing Violation Doctrine

The EEOC argues, as it has in several cases before this one, that even if the 300-day filing period in § 2000e-5(e)(1) generally applies to suits brought by the EEOC, it does not apply here because the EEOC alleges a "continuing violation." (ECF No. 22, PageID 148–50.) Generally, discrete acts of discrimination, such as refusing to hire a job applicant, are subject to the 300-day time limit in § 2000e-5(e)(1). *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). The continuing violation doctrine "allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice." *Id.* at 107 (quotation and citation omitted).

In *Morgan*, the U.S. Supreme Court held that discrete acts of discrimination occurring more than 300 days before the date a charge was filed with the EEOC cannot be linked together as part of a continuing violation to evade § 2000e-5(e)(1)'s time limitation. *Morgan*, 536 U.S. at 114–15 ("All prior discrete discriminatory acts are untimely filed and no longer actionable."). As described by the Sixth Circuit, the holding in *Morgan* precludes application of the continuing violation doctrine to "serial violations" of anti-discrimination laws—i.e., where repeated, discrete acts of discrimination occur. *Sharpe v. Cureton*, 319 F.3d 259, 267–68 (6th Cir. 2003).

The Sixth Circuit in *Sharpe* described a second category of continuing violations that *Morgan* did not address: those that involve "a longstanding and demonstrable policy of discrimination," such as a statute or affirmative action plan including a discriminatory policy. *Id.* But the claim brought by the EEOC here—that Lori's Gifts repeatedly rejected job applicants based on their answers to specific ability-related questions—relates to serial, discrete acts of

alleged discrimination that do not qualify for the continuing violations exception under *Morgan*. *See Kaplan*, 790 F. Supp. 2d at 625 ("[T]he discrete decisions to refuse to hire and to terminate employment cannot be linked together to create a continuing violation. Each refusal to hire or termination occurred on a readily-identifiable date certain, and is subject to the time limitation of § 706(e)(1)"). Those repeated, individual acts of refusing to hire applicants who answered "no" to either application question at issue fall squarely under *Morgan*'s holding, not *Sharpe*'s.

### d.  Data on Excluded Applicants as Background Evidence

Last, the EEOC argues that the Court should allow it to obtain discovery information about applicants who applied and were screened out more 300 days before Ms. Shepherd filed her charge as relevant and proportional background information. (ECF No. 22, PageID 140–42.) Although information about some applicants outside of the limitations window may prove relevant and proportional to the needs of the case, the EEOC has made an insufficient showing that information on all applicants screened out outside of the 300-day window is relevant and proportional here.

The EEOC's first rationale for seeking information on all screened-out applicants is to compare data about those screened out within the 300-day filing period (i.e., those whose claims are potentially actionable) to data about "applicants Defendant hired or offered employment in store employee positions prior to the 300-day period." (ECF No. 22, PageID 141.) This rationale does not align with its request for information, which regards only those screened out before the 300-day period. To the extent the EEOC seeks data on *all* applicants who applied before the 300-day filing period, such data is not relevant and proportional, as the Court held above, because it would include information about those who answered "yes" to both questions, is overly broad, and would be too burdensome to produce relative to the needs of the case. More relevant comparisons could be drawn between those who were screened out within the 300-day filing period to those

14

who were hired closer in time, or those who were hired and later terminated.

To the extent the EEOC seeks data only on applicants who were *screened out* before the 300-day filing period, the EEOC has insufficiently shown relevance and proportionality. First, that request does not align with the EEOC's rationale as articulated in its Objection. Second, information on that population cannot produce new claims on behalf of them, because of the limitations analysis discussed above. Third, the request is overly broad.

To be clear, information about applicants who were screened out of the hiring process based on their responses to ability-related questions outside of the limitations window may be relevant to the actionable claims in this lawsuit even though those prior applicants' claims are stale. The same goes for evidence about those hired and then later. Such evidence might help a factfinder discern when, why, and how the ability-related criteria were implemented. *See Morgan*, 536 U.S. at 112 (noting that information about untimely discrimination claims "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue" so long as the "emphasis" is on "whether any present *violation* existed." (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)) (cleaned up)).

Some of that information might also be admissible under Evidence Rule 404(b), for instance, as "other acts" evidence to show motive, intent, or knowledge. Fed. R. Evid. 404(b). But under the facts and circumstances of this case, the EEOC has insufficiently shown how its broad request for information about all applicants screened out outside of the limitations window is relevant and proportional to the needs of the case as presented in the Complaint.

The EEOC also argues the information would be relevant to support its punitive damages claim that Lori's Gifts acted with malice or reckless indifference to applicants' federally protected rights. (ECF No. 22, PageID 141.) But disclosure of the personal information of all job applicants

who were screened out before the 300-day filing period does not inform whether Lori's Gifts acted with malice toward the applicants who are within the proper scope of the lawsuit. Information that Lori's Gifts knew it was violating the law, as alleged, would help support the EEOC's claims, but it presents no argument why such information would be contained in job applicant data from years outside the scope of this lawsuit.

For these reasons, the EEOC has failed to demonstrate that requested information about job applicants who applied more than 300 days before Ms. Shepherd filed her charge of discrimination is relevant and proportional to the needs of the case. The 300-day time limitation of 42 U.S.C. § 2000e-5(e)(1) applies in the context of EEOC claims brought under Section 706 of Title VII on behalf of a group of aggrieved persons based on a charge of discrimination filed by a lead plaintiff. The continuing violation doctrine does not act as an exception to that limit. Accordingly, the EEOC may only bring claims on behalf of aggrieved persons who experienced an act of unlawful discrimination by Lori's Gifts up to 300 days before Ms. Shepherd filed her charge of discrimination in early 2022.

## CONCLUSION

Ultimately, the Magistrate Judge's order denying the EEOC's motion to compel was not contrary to law. As the Magistrate Judge held, Lori's Gifts need not produce discovery data about (1) any and all applicants who answered "yes" to both ability-related job application questions at issue or (2) any and all applicants who applied and were screened out more than 300 days before Ms. Shepherd filed her charge of discrimination with the EEOC.

Accordingly, the Court **OVERRULES** the EEOC's Objection to Magistrate Judge Order (ECF No. 22) and **AFFIRMS** the Magistrate Judge's Order Denying Oral Motion to Compel (ECF No. 19). This case remains open.

**IT IS SO ORDERED.**

**6/13/2025**                      **s/Edmund A. Sargus, Jr.**
**DATE**                            **EDMUND A. SARGUS, JR.**
                                   **UNITED STATES DISTRICT JUDGE**